UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LANEY FARMER | CIVIL ACTION |
| VERSUS | NO. 19-1572 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION "J" (2) |

Related to:   12-968 BELO
              in MDL 10-2179

## REPORT AND RECOMMENDATION

Plaintiff Laney Farmer was employed as a clean-up worker along the Florida Gulf coast, where she also lived, after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Record Doc. No. 1. On February 20, 2019, plaintiff filed her complaint pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179. Plaintiff timely filed her BELO lawsuit within the requisite six-month period from the date of receiving notice of defendants' Election Not to Mediate on August 24, 2018. Record Doc. No. 1-1. As a member of the BELO settlement class, plaintiff seeks compensatory damages and related costs for later-manifested physical conditions that she allegedly suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 1 at ¶¶ 23–33.

On March 15, 2019, plaintiff filed and the court accepted her first amended complaint, Record Doc. No. 4, which corrected a typographical error in her original

complaint that inadvertently alleged plaintiff's diagnosis as "neuropathy" rather than the intended diagnosis of "reactive airway disease." Record Doc. No 7 at p. 1. BP's notice of its Election Not to Mediate clearly indicates that in assessing plaintiff's claim, the Deepwater Horizon Medical Benefits Claims Administrator ("Claims Administrator") considered reactive airway disease – not neuropathy – which suggests that plaintiff's typographical error was confined to her original complaint and did not pre-date the filing of this lawsuit. Record Doc. No. 1-1. On March 29, 2019, defendants, BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), filed their answer to plaintiff's first amended complaint. Record Doc. No. 6.

BP filed a motion to dismiss plaintiff's complaint, Record Doc. No. 5, asserting that plaintiff failed under Rule 15 to seek leave of court or defendants' consent to file her first amended complaint and that the court had not accepted plaintiff's first amended complaint at the time the instant motion was filed. Id. at p. 1. Based on the premise that plaintiff's first amended complaint was filed in a procedurally improper manner and/or not filed at all, defendants argue that dismissal of plaintiff's original complaint without prejudice is justified in light of (1) plaintiff's failure to identify neuropathy as a claimed condition in her notice of intent to sue; (2) the Claims Administrator's inability to review plaintiff's neuropathy claim; and (3) BP's lack of opportunity to decide whether to mediate the

2

neuropathy claim prior to the filing of this lawsuit. Record Doc. No. 5-1 at p. 8. Plaintiff filed a timely opposition memorandum. Record Doc. No. 7.

Having considered the motion, the complaint, the record and the applicable law, I recommend that BP's motion to dismiss be DENIED for the following reasons.

## ANALYSIS

Under Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading once as a matter of course at any time before a responsive pleading is served." United Steel Workers AFL-CIO v. Murphy Oil USA, Inc., 541 F. Supp. 2d 824, 825 (E.D. La. 2007). A plaintiff need not seek consent from opposing parties or leave of court to amend her complaint under Rule 15(a)(1). Id. Plaintiff filed her first amended complaint on March 15, 2019, two weeks before defendants filed their answer. Record Doc. No. 4. The court properly allowed the first amended complaint to be filed without leave of court and/or defendants' consent because BP had filed no responsive pleadings at the time of amendment. Therefore, plaintiff's first amended complaint has properly been filed under Rule 15(a)(1).

The Medical Settlement Agreement states in pertinent part:

> A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER seeking compensation from BP for a LATER-MANIFESTED PHYSICAL CONDITION must submit a NOTICE OF INTENT TO SUE, . . . , to the CLAIMS ADMINISTRATOR. The NOTICE OF INTENT TO SUE and materials submitted therewith must be submitted to the CLAIMS ADMINISTRATOR within 4 years after either the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION or the EFFECTIVE DATE, whichever is later.

Record Doc. No. 6427-1 at § VIII(A) in MDL No. 10-md-2179. A class member "may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT only for the LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE." Id. at § VIII(G)(2)(a) (emphasis added).

Because plaintiff's first amended complaint, properly filed, alleges the condition of reactive airway disease, I do not accept defendants' arguments in favor of dismissal because (1) plaintiff's alleged condition of reactive airway disease was properly identified in her notice of intent to sue; (2) the Claims Administrator reviewed plaintiff's claim of reactive airway disease; and (3) BP had an opportunity to decide whether to mediate the reactive airway disease claim before plaintiff filed her BELO complaint.

## RECOMMENDATION

For all the forgoing reasons, it is **RECOMMENDED** that defendants' motion be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this  __10th__  day of April, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.